IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CAROL SUE ROBERSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CASE NO. 5:12-CV-486-MTT-MSH |
| | : | 42 U.S.C. § 1983 |
| Warden BELINDA DAVIS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

_____

### **O R D E R**

Before the Court is Plaintiff's motion for appointment of counsel (ECF No. 17). Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." However, there is "no absolute constitutional right to the appointment of counsel." *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court should consider, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989).

Plaintiff has set forth the essential factual allegations underlying her claims, and the applicable legal doctrines are readily apparent. Plaintiff therefore has not alleged

the exceptional circumstances justifying appointment of counsel under *Holt*. The Court on its own motion will consider assisting Plaintiff in securing legal counsel *if and when* it becomes apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights. Accordingly, Plaintiff's motion for appointment of counsel is **DENIED** at this time.

    SO ORDERED, this 25th day of January, 2013.

                                      S/Stephen Hyles
                                      UNITED STATES MAGISTRATE JUDGE