IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CAROL SUE ROBERSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CASE NO. 5:12-CV-486-MTT-MSH |
| | : | |
| Sergeant WILSON, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER & RECOMMENDATION**

Plaintiff, currently an inmate at Lee Arrendale State Prison ("LASP"), filed this 42 U.S.C. § 1983 lawsuit (ECF No. 1). In compliance with this Court's prior Order (ECF No. 11), Plaintiff has submitted a recast complaint (ECF No. 24). Plaintiff has also submitted a memorandum in support (ECF No. 25) and a motion to withdraw her request for declaratory relief (ECF No. 27), which is hereby **GRANTED**.[1]

This Court previously granted Plaintiff's request to proceed *in forma pauperis* and waived the initial partial filing fee (ECF No. 11). Plaintiff is nevertheless required to pay the full $350.00 filing fee, as is discussed below. The Clerk of Court is directed to send a copy of this Order and Recommendation to the business manager of LASP.

---

[1] Plaintiff has also filed a motion seeking a return of all documents she filed in this Court relating to LASP (ECF No. 26). Even indigent plaintiffs are required to bear the costs of prosecuting their case. Accordingly, Plaintiff must first pay the appropriate copying fee, which is fifty cents ($.50) per page. Plaintiff must also advise the Clerk of Court of the specific documents she seeks by document or ECF number. The Clerk, in turn, will inform Plaintiff of the copying cost and, upon receipt of payment from Plaintiff, will forward the copies to Plaintiff. In light of the foregoing, to the extent Plaintiff is requesting free copies, her motion is **DENIED**.

**I.     STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."  Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).  Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys

and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

**II.    DISCUSSION**

Plaintiff's lawsuit relates to an incident that occurred while she was confined at Pulaski State Prison ("PSP"). According to Plaintiff, on October 27, 2011, Defendant Sergeant Wilson handcuffed Plaintiff behind her back and left her in a shower for ten and a half hours. Plaintiff, who states that she was not being "disruptive" at the time of the incident, was allegedly denied a restroom, water to drink, and breakfast throughout this time. She alleges that she suffered extreme pain.

In addition to Wilson, Plaintiff names as Defendants Warden Belinda Davis and

Georgia Department of Corrections ("GDOC") Commissioner Brian Owens. Plaintiff alleges that Davis and Owens were "moot" to Plaintiff's letters and failed to train Wilson.

### A. Defendants Warden Davis and Commissioner Owens

Plaintiff's allegation that Warden Davis and Commissioners Owens failed to respond to Plaintiff's letters is insufficient to state a claim. "[W]here a supervisory official ... receives letters or similar complaints from an inmate and does not personally respond, the supervisor is not personally involved and hence not liable." *Walker v. Pataro*, No. 99CIV.4607, 2002 WL 664040, at *12 (S.D.N.Y. Apr. 23, 2002). Moreover, Plaintiff has no entitlement to a grievance or similar procedure. *See Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) ("[A]n inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure.").

Plaintiff's generalized assertion, based upon a single incident, that Davis and Owens failed to train Wilson similarly does not state a colorable constitutional claim. A supervisor can be held liable under section 1983 for his failure to train subordinates only if his "failure to train amounts to deliberate indifference to the rights of persons with whom the subordinates come into contact" and the failure has caused the injury of which the plaintiff complains. *Belcher v. City of Foley, Ala.*, 30 F.3d 1390, 1397 (11th Cir. 1994). "Only when the failure to train amounts to 'deliberate indifference' can it properly be characterized as the 'policy' or 'custom' that is necessary for section 1983 liability to attach." *Id.* at 1397 (*citing City of Canton v. Harris*, 489 U.S. 378, 389 (1989)). Deliberate indifference requires "actual or constructive notice that a particular omission in

their training program causes city employees to violate constitutional rights." *Connick v. Thompson*, __ U.S. __, 131 S.Ct. 1350, 1360 (2011). Deliberate indifference is a "stringent standard of fault." *Id.* at 1360. A "pattern of similar constitutional violations is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Id.* (quotation and citation omitted).

Plaintiff alleges no facts regarding Davis and Owens's failure to train Sergeant Wilson–certainly none supporting the "strong showing" required to prevail on a failure to train claim. *Anderson v. Fulton County Gov't*, 2012 WL 3086236 (11th Cir. July 31, 2012). *See also Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005) (a claim that a supervisory official failed to train or supervise requires a showing of a custom or policy of deliberately allowing inadequate training; a single random incident of excessive force does not establish such a claim).

Finally, Warden Davis and Commissioner Owens cannot be held liable merely by virtue of their supervisory positions. As the Eleventh Circuit has long held, "[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir.1999).

In light of the foregoing, it is **RECOMMENDED** that Plaintiff's claims against Warden Belinda Davis and Commissioner Brian Owens be **DISMISSED** and that Davis and Owens be **DISMISSED** as Defendants herein.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this

recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN** (**14**) **DAYS** after being served with a copy hereof.

### B. Defendant Sergeant Wilson

It is by no means clear that Plaintiff's claim against Defendant Sergeant Wilson will ultimately be successful. Liberally construing the complaint in Plaintiff's favor, however, the Court concludes that she has stated a colorable Eighth Amendment claim against Wilson. *Hope v. Pelzer*, 536 U.S. 730, 736 (2002) (*quoting Hope v. Pelzer*, 240 F.3d 975, 980-81 (11th Cir. 2001)) ("'[T]he policy and practice [of restraining an inmate] for a period of time that surpasses that necessary to quell a threat or restore order is a violation of the Eighth Amendment.'").

Accordingly, it is hereby ORDERED that service be made on Sergeant Wilson and that he file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

### ORDER FOR SERVICE

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

### DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff.

Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with her custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of her lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

It is hereby **ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court. This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to

each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party is required to respond to any request which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the Court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

As previously ordered, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county where he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

Collection of monthly payments from Plaintiff's trust fund account shall continue

until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against her prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, she shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.  Plaintiff's Complaint is subject to dismissal if she has the ability to make monthly payments and fails to do so.

SO ORDERED and RECOMMENDED, this 8th day of March, 2013.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE