IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CAROL SUE ROBERSON, | : | |
| Plaintiff, | : | |
| vs. | : | CASE NO. 5:12-CV-486-MTT-MSH |
| Sergeant WILSON, | : | |
| Defendant. | : | |

## REPORT & RECOMMENDATION

Presently pending before the Court are Plaintiff's motions for summary judgment (ECF Nos. 33, 61) and Defendant's motion to dismiss (ECF Nos. 54, 69). Plaintiff also currently has pending a motion to stay discovery (ECF No. 59), a motion to compel discovery (ECF No. 60), a motion to amend a brief (ECF No. 67), and two motions to appoint counsel (ECF Nos. 62, 71). Plaintiff's motions to appoint and her discovery motions are denied. Plaintiff's motion to amend her brief is granted. For the following reasons, it is recommended that Defendant's motion to dismiss be granted and Plaintiff's motions for summary judgment be denied.

## BACKGROUND

Plaintiff's lawsuit relates to an incident that occurred while she was confined at Pulaski State Prison ("PSP"). According to Plaintiff, on October 27, 2011, Defendant Sergeant Wilson, whose current title is Lieutenant, handcuffed Plaintiff behind her back and left her in a shower for ten and a half hours. Plaintiff, who states that she was not

being "disruptive" at the time of the incident, was allegedly denied a restroom, water to drink, and breakfast throughout this time. She alleges that she suffered extreme pain. After preliminary review, only Plaintiff's Eighth Amendment claims against Lieutenant Wilson were allowed to proceed.

## DISCUSSION

### I. Plaintiff's Motions to Appoint

Plaintiff has two motions for appointment of counsel (ECF Nos. 62, 71) currently pending. Plaintiff previously requested appointed counsel, which was denied by this Court on January 25, 2013. (Order, ECF No. 18.) As was earlier explained to Plaintiff, under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." However, there is "no absolute constitutional right to the appointment of counsel." *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court should consider, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989).

Plaintiff has set forth the essential factual allegations underlying her claims, and the applicable legal doctrines are readily apparent. Plaintiff therefore has not alleged the exceptional circumstances justifying appointment of counsel under *Holt*. Accordingly, Plaintiff's motions for appointment of counsel are denied.

## II. Defendant's Motion to Dismiss

### A. Standard of Review

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

### B. Official Capacity Claims

Defendant Wilson contends that Plaintiff's claims against him in his official capacity should be dismissed because he is immune from suit pursuant to the Eleventh Amendment. Defendant Wilson is an employee of Pulaski State Prison—i.e., an

3

employee of the Georgia Department of Corrections ("GDOC"). GDOC employees are entitled to Eleventh Amendment immunity for claims in their official capacities. "Official capacity suits for damages against employees of a state agency are suits against the state agency." *Ferguson v. Ga. Dep't of Corr.*, 428 F. Supp. 2d 1339, 1352 (M.D. Ga. 2006). "A suit against a governmental entity which is considered an 'arm of the state'—such as the GDOC—is a suit against the State." *Id.* (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)). Likewise, "authority and duty [of the sheriff] to administer the jail in his jurisdiction flows from the State, not the County." *Purcell ex rel Estate of Morgan, v. Toombs Cnty., Ga.*, 400 F.3d 1313, 1325 (11th Cir. 2005) (internal quotation marks and citation omitted); *see also Manders v. Lee*, 338 F.3d 1304, 1308-12, 1315-18, 1328-29 (11th Cir. 2003). "[T]he Eleventh Amendment to the United States Constitution bars a § 1983 action against the State of Georgia and the GDOC unless the State either consents to suit or waives its sovereign immunity with regard to § 1983 claims—neither of which has happened here." *Ferguson*, 428 F. Supp. 2d at 1352. Therefore, Eleventh Amendment immunity bars suit here as a threshold matter.

Additionally, GDOC employees, as state officials acting in their official capacities, are not considered "persons" for purposes of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Ferguson*, 428 F. Supp. 2d at 1352-53. Since § 1983 requires that a "person" deprive a plaintiff of his constitutional rights, the lack of a "person" in this case establishes an independent ground for dismissal of Plaintiff's claims. *Will*, 491 U.S. 71. Defendant is thus entitled to dismissal of Plaintiff's claims made

against him in his official capacity.

### C. Individual Capacity Claims

Defendant also contends that Plaintiff's Complaint should be dismissed because he is entitled to qualified immunity. "Qualified immunity protects government officials performing discretionary duties from suits in their individual capacities unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Anderson v. City of Naples*, 501 F. App'x 910, 915-16 (11th Cir. 2012) (internal quotation marks and citation omitted). "The purpose of qualified immunity is to allow officials to carry out discretionary duties without the chilling fear of personal liability or harrassive litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating federal law." *McCullough v. Antolini*, 559 F.3d 1201, 1205 (11th Cir. 2009) (internal quotation marks and citation omitted).

"In order to receive qualified immunity, an official must first establish that he was acting within the scope of his discretionary authority when the alleged wrongful acts occurred." *Id.* Once the defendant shows that he or she was acting within her discretionary authority, the burden then shifts to the plaintiff to establish that qualified immunity does not apply. *Cottone v. Jenne*, 326 F.3d 1352, 1358 (11th Cir. 2004). It is undisputed in this case that Defendant Wilson was acting within his discretionary authority. Because that determination is made, the burden then shifts to Plaintiff to show that the Defendant is not entitled to qualified immunity.

"To overcome an official's claim of qualified immunity, the plaintiff must show

that: (1) the official violated a constitutional right; and (2) that right was clearly established at the time of the alleged violation." *Anderson*, 501 F. App'x at 916 (citation omitted).[1] The Court therefore must determine whether the Plaintiff has sufficiently alleged that the defendant's conduct violated a constitutional right and whether that right is clearly established.

Plaintiff claims that Defendant Wilson violated her constitutional rights by handcuffing her behind her back for ten and a half hours, in a shower, when Plaintiff was not being disruptive. (Suppl. Compl. 6.) She further states that he denied her the ability to go to the restroom, water, or breakfast. (*Id.*) Attached to her supplemental complaint, Plaintiff submitted a brief in support and exhibits which provide additional facts surrounding her claim.[2] Specifically, she states that she was handcuffed in areas F1, F2, and the infirmary from 10:20 pm on October 27, 2011 until 9:30 am on October 28, 2011. (Pl.'s Br. in Supp. of Suppl. Compl. 2, ECF No. 25.) She further states that she was handcuffed "off/on/and next door to a filthy shower" for six hours (Pl.'s Br. in Supp. of Suppl. Compl. Ex. A, ECF No. 25-1 at 1.)

In a witness statement Plaintiff attached to her Supplement Complaint, Plaintiff

---

[1] Courts should use their discretion in determining which prong of the qualified immunity inquiry to address first. *McCullough*, 559 F.3d at 1205.

[2] In determining a motion to dismiss, a Court must "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). These documents include documents incorporated by reference, matters of which the court can take judicial notice, and documents attached to the complaint. *Id.*; *see also Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). The Court must determine "whether *all* of the facts alleged, taken collectively," and taken as true, state a claim for relief. *Tellabs*, 551 U.S. at 322.

6

states that she was handcuffed by Defendant Wilson at around 10:35 pm after she told him that she reported him for withholding another inmate's medicines and identification and then refused to go back to her cell. (*Id.* at 9.) Defendant Wilson took Plaintiff to a medical infirmary cell where he left her handcuffed. (*Id.*) Plaintiff kicked the medical infirmary cell door. Defendant Wilson told Plaintiff that he would be back when she quit kicking the door. (*Id.*) A nurse in the infirmary gave Plaintiff a roll of tissue and a blanket. (*Id.*) At around 2:30 am, Plaintiff's handcuffs were removed. (*Id.*) Approximately an hour later, Plaintiff was again handcuffed and moved to the "filthy F1 shower." (*Id.* at 10.) Plaintiff again kicked the door. She was moved from the shower room to the tub room, then back to the shower room and was kept handcuffed. (*Id.*) Plaintiff was only given a "thin ragged blanket." (*Id.*) At around 7:40 am, Plaintiff was taken to the "F2 shower" and was kept there, in handcuffs, until 9:25 am. (*Id.*)

       *1.  Constitutional Violation*

These allegations, taken as true, fail to show a constitutional violation of the Eighth Amendment. "The Eighth Amendment, applicable to the states through the Fourteenth Amendment, forbids cruel and unusual punishments." *Dixon v. Toole*, 225 F. App'x 797, 798 (11th Cir. 2007) (citations omitted). It "governs the treatment a prisoner receives in prison and the conditions under which he is confined." *Farrow v. West*, 320 F.2d 1235, 1242 (11th Cir. 2003) (internal quotation marks and citation omitted). "However, [n]ot every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." *Id.* (internal quotation marks and citation omitted)

7

(alteration in original). "[T]he Eighth Amendment imposes a narrow restriction—'cruel and unusual'—on only a limited sphere of prison administrative conduct—'punishment.'" *Dixon*, 225 F. App'x at 799 (quotation marks and citation omitted) (alteration in original). The Eighth Amendment prohibits restraints on inmates only if they "involve the unnecessary and wanton infliction of pain," are "grossly disproportionate[,]" or "are totally without penological justification." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (internal quotation marks and citations omitted). Furthermore, the Court "must give a wide range of deference to prison officials acting to preserve discipline and security." *Scroggins v. Davis*, 346 F. App'x 504, 505 (11th Cir. 2009) (internal quotation marks and citation omitted).

Plaintiff has failed to allege that Lieutenant Wilson's actions in handcuffing her behind her back involved the unnecessary and wanton infliction of pain, were grossly disproportionate to her behavior, or without penological justification. Plaintiff states in her complaint that she was handcuffed when she was not being "disruptive." (Suppl. Compl. 6.) However, she then goes on to explain that Wilson handcuffed her and placed her in the infirmary cell after she refused to go back to her cell. (Pl.'s Br. in Supp. of Suppl. Compl. Ex. A at 9.) Plaintiff then kicked the door of the cell, which prompted Wilson to leave her in the cell while handcuffed for several hours. (*Id.*) Plaintiff's handcuffs were removed but then replaced when she was moved from the infirmary cell to the shower/tub area. (*Id.* at 10.) Plaintiff states that she then again kicked the door and was consequently left in handcuffs for several hours with only a blanket on which to rest.

(*Id.*)

It is clear from Plaintiff's own allegations that the actions taken against her were not done "totally without penological justification." *Rhodes*, 452 U.S. at 346. Plaintiff admittedly would not return to her cell and kicked the doors of the infirmary cell and shower cell. Furthermore, Defendant's actions were not grossly disproportionate and her allegations do not show an unnecessary or wanton infliction of pain. While Plaintiff was admittedly uncomfortable during this time (Suppl. Compl. 6), that, in and of itself, is not enough to establish an Eighth Amendment violation.[3] *See, e.g., Chandler v. Crosby*, 379 F.3d 1278, 1295 (11th Cir. 2004) ("[A] prisoner's mere discomfort, without more, does not offend the Eighth Amendment.")

Plaintiff cites to *Barker v. Goodrich*, 649 F.3d 428 (6th Cir. 2011), to show that an Eighth Amendment violation occurred here. In *Barker*, an inmate was handcuffed behind his back in a detention cell for twelve hours, "during which time he missed a meal and was unable to sit or lie down without pain, use the restroom, or obtain water from the fountain." 649 F.3d at 434. However, the Sixth Circuit explained that the evidence showed that "there was no penological need to keep Baker handcuffed once he was in the detention cell." *Id.* Baker was subjected to an "uncomfortable position" and risk of further injury without a legitimate penological purpose. *Id.* The Sixth Circuit thus found a violation of an Eighth Amendment Right which was clearly established.

---

[3] Plaintiff does not allege that she suffered any actual injury from this incident except for a "substantial risk" of "dehydration, thirst, wrist and arm problems, damage to bowels and kidneys." (Suppl. Compl. 6.)

9

As explained above, Plaintiff's own allegations show that there were legitimate penological reasons for Plaintiff being handcuffed and being denied easy access to a restroom and water. *Baker*, consequently, is not analogous to Plaintiff's situation and does not establish that Defendant Wilson's actions violated the Eighth Amendment. Because Plaintiff has failed to allege a constitutional violation, Defendant Wilson is entitled to qualified immunity and his motion to dismiss should be granted.

### 2. *Clearly Established*

Furthermore, even assuming that Plaintiff has sufficiently alleged a constitutional violation, such constitutional violation is not clearly established. "To be clearly established, a right must be sufficiently clear that every reasonable official would [have understood] that what he is doing violates that right." *Reichle v. Howards*, -- U.S. --, 132 S. Ct. 2088, 2093 (2012) (internal quotation marks and citation omitted) (alteration in original). "In other words, existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* (internal quotation marks and citation omitted). The Eleventh Circuit has explained that

> [a] right may be clearly established for qualified immunity purposes in one of three ways: (1) case law with indistinguishable facts clearly establishing the constitutional right; (2) a broad statement of principle within the Constitution, statute, or case law that clearly establishes a constitutional right; or (3) conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law.

*Maddox v. Stephens*, -- F.3d --, 2013 WL 4437161, at *8 (11th Cir. 2013). Furthermore, "[t]he inquiry whether a federal right is clearly established must be undertaken in light of

10

the specific context of the case, not as a broad general proposition." *Loftus v. Clark-Moore*, 690 F.3d 1200, 1204 (11th Cir. 2012) (internal quotation marks and citation omitted). "The relevant, dispositive inquiry in determining whether a right is *clearly* established is whether it would be *clear* to a reasonable [state official] that his conduct was unlawful in the situation he confronted." *Id.* (quotation marks and citation omitted) (emphasis and alteration in original). The court should look "only to binding precedent—cases from the United States Supreme Court, the Eleventh Circuit, and the highest court of the state under which the claim arose—to determine whether the right in question was clearly established at the time of the violation." *Coffin v. Brandau*, 642 F.3d 999, 1013 (11th Cir. 2011) (citation omitted).

There is no law, case law or otherwise, that establishes that Defendant Wilson's actions in this case violated the constitution. The case law regarding handcuffing for extended periods of time varies from circuit to circuit, but the majority of cases that have addressed the issue have found that extended periods of handcuffing do not rise to the level of a constitutional violation when there was a penological reason for the handcuffing. *See, e.g., Key v. McKinney*, 176 F.3d 1083, 1086 (8th Cir. 1999) (finding no Eight Amendment violation when inmate "was in handcuffs and leg shackles for twenty-four hours after being accused of throwing liquid on a guard while on a work detail outside"); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (no Eighth Amendment violation when dangerous inmates are put in restraints any time they are taken out of their cells and are required to shower while in restraints); *Weems v. St. Lawrence*, No. 4:09-cv-65, 2009 WL 2422795, at

\*2-3 (S.D. Ga. Aug. 6, 2009) (dismissing complaint in which inmate alleged Eighth Amendment violation based on his being constantly handcuffed which prohibited him from properly showering, exercising, or maintaining hygiene); *Grady v. Holmes*, No. 4:06-cv-123, 2007 WL 2507395, at \* 5 (S.D. Ga. Aug. 30, 2007) (no constitutional violation when inmate kept in shackles and handcuffs for no more than eighteen hours at a time when inmate committed an infraction); *Padgett v. Mosley*, No. 2:05-cv-608, 2007 WL 2409464, at \* 5-6 (M.D. Ala. Aug. 20, 2007) (finding no Eighth Amendment claim where inmate was kept in chains and shackles in cell for more than 25 hours resulting in inmate defecating in bucket because inmate was suspected of swallowing contraband); *but see Gates v. Collier*, 504 F.2d 1291, 1306 (5th Cir. 1974) (finding as a violation of the Eighth Amendment, without discussion, "handcuffing inmates to the fence and to cells for long periods of time").

Plaintiff mentions a "2007 Supreme Court case" which she says clearly establishes that Defendant's conduct violates the Eighth Amendment. The Court assumes that Plaintiff is referring to *Hope v. Pelzer*, 536 U.S. 730 (2002). In *Hope*, the Court denied officers qualified immunity who had handcuffed an inmate to an outdoor hitching post and taunted him for seven hours.[4] The Court explained that

---

[4] The Supreme Court explained the facts:

> On June 7, 1995, Hope was punished more severely. He took a nap during the morning bus ride to the chain gang's worksite, and when it arrived he was less than prompt in responding to an order to get off the bus. An exchange of vulgar remarks led to a wrestling match with a guard. Four other guards intervened, subdued Hope, handcuffed him, placed him in leg irons and transported him back to the

12

> [d]espite the clear lack of an emergency situation, the respondents knowingly subjected [the inmate] to a substantial risk of physical harm, to unnecessary pain caused by the handcuffs and the restricted position of confinement for a 7-hour period, to unnecessary exposure to heat of the sun, to prolonged thirst and taunting, and to a deprivation of bathroom breaks that created a risk of particular discomfort and humiliation.

536 U.S. at 738. These actions constituted the "gratuitous infliction of wanton and unnecessary pain" in violation of the Eighth Amendment. *Id.* The Court also found that "arguably" this behavior "was so obvious that . . . Eighth Amendment cases gave respondent fair warning that their conduct violated the Constitution[,]" *Id.* at 741, and that a reasonable person would have known that the respondents' actions violated the Constitution. *Id.* at 744-45.

The facts of *Hope* are clearly distinguishable from the instant action. In fact, the only true similarity is that both Hope and Plaintiff were restrained for an extended period of time. Plaintiff was not taunted, subjected to the elements, or left wholly without access to a restroom or water. Furthermore, Plaintiff continued to kick the doors of the rooms in which she was being held, which caused her to be left in handcuffs. *Hope* does not establish that *any* prolonged restraint violates the Eighth Amendment. It is therefore not clearly established that Defendant Wilson's actions in this case violated any constitutional

---

> prison where he was put on the hitching post. The guards made him take off his shirt, and he remained shirtless all day while the sun burned his skin. He remained attached to the post for approximately seven hours. During this 7–hour period, he was given water only once or twice and was given no bathroom breaks. At one point, a guard taunted Hope about his thirst. According to Hope's affidavit: "[The guard] first gave water to some dogs, then brought the water cooler closer to me, removed its lid, and kicked the cooler over, spilling the water onto the ground.

536 U.S. 734-35.

right, and he is entitled to qualified immunity. Defendant Wilson's motion to dismiss should be granted.

## III. Plaintiff's Motions for Summary Judgment

Plaintiff has filed two motions for summary judgment (ECF Nos. 33, 61). In her first motion, Plaintiff merely states that she demands a jury trial "unless defendants default on issues plaintiff has presented in above styled case or the defendants agree Plaintiff should be granted summary judgment[.]" Plaintiff does not make any argument or submit any evidence in support of her motion. Consequently, on its face, Plaintiff's motion for summary judgment (ECF No. 33) should be denied.

Plaintiff filed a second motion for summary judgment (ECF No. 61) in which she states in a conclusory fashion that multiple defendants have violated her constitutional rights. She further argues that because of the violation of her constitutional rights, this Court should grant Plaintiff summary judgment. Again, Plaintiff has submitted no evidence in support of her motion. Since the Court found that Plaintiff has failed to allege a constitutional violation and recommends granting Defendant Wilson's motion to dismiss, Plaintiff's second motion for summary judgment (ECF No. 61) should be denied.

## IV. Plaintiff's Miscellaneous Motions

Plaintiff also currently has pending a motion to stay discovery (ECF No. 59), a motion to compel discovery (ECF No. 60), and a motion to amend a brief (ECF No. 67). Discovery in this case was stayed on October 23, 2013 pending the resolution of Defendant's motion to dismiss. Consequently, Plaintiff's discovery motions are denied.

Plaintiff's motion to amend her brief is granted as the Court considered her amended filing in ruling on the parties' pending motions.

## CONCLUSION

For the reasons explained above, Plaintiff's motion to stay discovery (ECF No. 59), motion to compel discovery (ECF No. 60), and two motions to appoint counsel (ECF Nos. 62, 71) are denied.  Her motion to amend a brief (ECF No. 67) is granted.  It is recommended that Defendant's motion to dismiss (ECF Nos. 54, 69) be granted and Plaintiff's motions for summary judgment (ECF Nos. 33, 61) be denied.  Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the United States District Court within fourteen (14) days after being served with a copy hereof.

SO ORDERED and RECOMMENDED, this 4th day of March, 2014.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE