IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

CAROL SUE ROBERSON,                    :
                                       :
            Plaintiff,                 :
                                       :
      vs.                              :      CASE NO. 5:12-CV-486-MTT-MSH
                                       :
Sergeant WILSON,                       :
                                       :
            Defendant.                 :
_____

## ORDER

Presently pending before the Court is Plaintiff's fourth Motion for Appointment of Counsel. (ECF No. 73.) Plaintiff previously requested appointed counsel, which was denied by this Court on January 25, 2013. (Order, ECF No. 18.) Plaintiff's two later motions for appointment of counsel were denied in the Court's Order dated March 4, 2014. (Order and Report and Recommendation, ECF No. 72.) As was earlier explained to Plaintiff, under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." However, there is "no absolute constitutional right to the appointment of counsel." *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court should consider, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989).

Plaintiff has set forth the essential factual allegations underlying her claims, and the applicable legal doctrines are readily apparent.  Plaintiff therefore has not alleged the exceptional circumstances justifying appointment of counsel under *Holt*.  Accordingly, Plaintiff's motion for appointment of counsel is denied.

SO ORDERED, this 5th day of May, 2014.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE